UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>        Plaintiff,<br><br>    v.<br><br>B. MENDOZA, et al.,<br><br>        Defendants. | Case No. 1:25-cv-01157-KES-EPG (PC)<br><br>ORDER RE: OBJECTIONS; DIRECTING CLERK OF COURT TO SEND PLAINTIFF ANOTHER IFP APPLICATION<br><br>(ECF No. 7) |

Plaintiff Jorge Contreras, an inmate at the Madera County, proceeds *pro se* in this civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). When Plaintiff filed this case on September 8, 2025, he neither paid the filing fee for this action nor submitted an application to proceed *in forma pauperis* (IFP). The Court issued an order on September 19, 2025, giving Plaintiff forty-five days to either (1) submit a completed and signed IFP application or (2) pay the filing fee of $405. (ECF No. 3). The Court warned Plaintiff that "[f]ailure to comply with this order will result in dismissal of this action." (*Id.* at 1) (emphasis omitted). After the forty-five-day period expired without Plaintiff filing anything, the Court issued findings and recommendations on November 18, 2025, recommending dismissal based on Plaintiff's failure to pay the filing fee or file an IFP application, failure to prosecute this case, and failure to comply with court orders. (ECF No. 6).

On December 2, 2025, Plaintiff filed objections to the findings and recommendations. (ECF No. 7).[1] Generally, Plaintiff alleges that various circumstances outside his control have

---

[1] The objections also request "judicial notice" of the allegations contained in the objections. (ECF No. 7, p. 1). Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to

1

prevented him from paying the filing fee, including the following: (1) Plaintiff indicates that he submitted an IFP form to the Jail for signature (perhaps referring to the requirement that a Jail official certify his trust account balance) but the Jail failed to process it; (2) Plaintiff tried to contact family members to have them pay the filing fee but the Jail changed its communication services, hindering his ability to contact his family members; and (3) Plaintiff submitted an extension request of the deadline to respond to the Court's order to submit an IFP application or pay the filing fee; however, the Court notes that it never received such an extension request. (ECF No. 7, pp. 1-2). Plaintiff concludes by stating, "that with the facts described herein, he objects to the Court's recommendations to dismiss." (*Id.* at 2) (minor alterations).

The Court notes that Plaintiff has not attached an IFP application to his objections, nor indicated that he is in the process of arranging to pay the filing fee, nor requested an extension of time to file an IFP application or pay the filing fee. However, upon review of Plaintiff's allegations, the Court will grant him an additional opportunity to submit an IFP application or pay the filing fee.

Accordingly, IT IS ORDERED that:

1. The Clerk of Court shall send Plaintiff another *in forma pauperis* application.

2. Within 30 days from the date of entry of this order, Plaintiff shall submit the attached *in forma pauperis* application, completed and signed, or in the alternative, pay the $405.00 filing fee for this action. **No requests for extension will be granted without a showing of good cause. Failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **December 4, 2025**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The decision to take judicial notice lies within a court's discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). None of the allegations in Plaintiff's objections meet these criteria; accordingly, the Court declines to take judicial notice of any of Plaintiff's allegations.